IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VICTOR RANDOLPH TURNER, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-09-3562 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND OPINION**

The petitioner, Victor Randolph Turner, Jr., a Texas state inmate, seeks habeas corpus relief under 28 U.S.C. § 2254. Turner challenges a disciplinary conviction at the Wynne Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). The respondent filed a motion for summary judgment, (Docket Entry No. 9).[1] Turner filed a response. (Docket Entry No. 11).[2] Based on careful consideration of the pleadings, the motion and response, the record, and the applicable law, this court grants the respondent's motion and, by separate order, enters final judgment. The reasons are explained below.

**I.   Background**

On September 18, 2009, prison officials at the Wynne Unit conducted a disciplinary hearing in case number 20100016184. The hearing officer found Turner guilty of refusing to obey orders,

---

[1] In support of his motion for summary judgment, respondent provides the following documents: (A) TDCJ-CID computer records concerning Turner's conviction; (B) Affidavit of Kathleen Koger-Burson with prison disciplinary records for Case Number 20100016184; (C) Affidavit of Sandra K. Murphy with Turner's grievance records regarding the disciplinary hearing; and (D) an audio tape recording of the hearing in disciplinary case 20100016184. (Docket Entry Nos. 10 & 13).

[2] Turner also filed a copy of this response in Civil Action Number 4:09-4011.

a Level 2, Code 24.0 violation, and lying to a staff member, a Level 3, Code 33 violation. (Docket Entry No. 10, Respondent's Motion for Summary Judgment, Ex. B, p. 2). Turner's punishment consisted of a loss of commissary privileges for 45 days; cell restriction for 45 days; a reduction in good-time earning class status from Line 2 to Line 3; and a loss of 30 days of good-time credits.

The summary judgment evidence shows that on September 15, 2009, Officer Garza charged Turner with refusing to obey orders and lying to a staff member. (Docket Entry No. 9, Respondent's Motion for Summary Judgment in Civil Action Number 4:09-3562, Ex. A, p. 1). The offense report stated that Officer Garza approached Turner to inquire why he was cutting in the shower line. Turner told Officer Garza that he was trying to retrieve a bag of toilet paper, soap, and razors for the C3 cellblock. Officer Garza told Turner that he was not to shower and that he was to retrieve the mentioned items and leave the shower area. Turner disobeyed the order to leave. The record also showed that although Turner told Officer Garza that he was in the shower line to retrieve items from the laundry officer, not to jump ahead of others waiting in line for a shower, he was preparing to take a shower.

Turner received notification of the charges on September 16, 2009 at 12:30 p.m. (*Id.* at 1). Counsel substitute was appointed to represent Turner because his educational aptitude was below 5.0. The counsel substitute, D. Curtis, interviewed Turner on September 16, 2009. Turner told Curtis that he was not guilty, that he had told Officer Garza the truth, and that the laundry boss, Officer Ragston, had ordered him to go take a shower.

Captain Pinney conducted the disciplinary hearing on September 18, 2009. (*Id.* at 1). Counsel substitute represented Turner at the hearing. Turner was removed from the hearing because he was uncooperative. In finding Turner guilty of the charged offense, Captain Pinney considered

the officer's report and the live testimony of the charging officer. Captain Pinney stated that he imposed the punishment to serve as a deterrent. (*Id.* at 1). Turner could not sign the disciplinary hearing report to acknowledge that he had received a copy of the final report because he had been removed from the hearing.

On September 18, 2009, Turner submitted a Step 1 grievance initiating grievance number 2010011596. (Docket Entry No. 10, Disciplinary Grievance Record, pp. 3-4; Docket Entry No. 1, Federal Petition, Ex. 1, p. 2). In this grievance, Turner complained that Officer Garza charged him with a false disciplinary case in the shower area. Grievance number 2010011596 was returned on the same date because the issue presented was not grievable. (Docket Entry No. 10, Disciplinary Grievance Record, p. 4).

On September 24, 2009, Turner submitted a Step 2 grievance. (Docket Entry No. 1, Federal Petition, Ex. 2, p. 1). Turner complained Officer Garza had falsified records and failed to investigate relevant facts. Though Turner did not include a grievance number, the content shows that it relates to grievance number 2010011596. In an interoffice communication dated October 15, 2009, prison officials advised Turner that he could not file a Step 2 Grievance on grievance number 2010011596 because it had been returned to him unprocessed. (*Id.* at 1).

Also on September 18, 2009, Turner filed another Step 1 grievance initiating grievance number 2010011601. (Docket Entry No. 10, Disciplinary Grievance Record, pp. 1-2). There, Turner complained that Officer Flowers falsely accused Turner of stomping out of the classroom and slamming the door. He argued that prison regulations require employees to make truthful statements. Grievance number 2010011601 was returned on September 18, 2009, because the issue presented was not grievable. (*Id.* at 2).

Turner made some minor alterations to grievance number 2010011596 and resubmitted it on October 20, 2009. (Docket Entry No. 1, Federal Petition, Ex. 1, p. 3). This second Step 1 grievance, docketed as grievance number 2010030959, was returned on October 20, 2009 because the grievance time period had expired. (*Id.*).

On November 4, 2009, Turner submitted a Step 2 grievance in grievance number 2010012689.[3] In this grievance, Turner complained of being removed from the disciplinary hearing. He also complained that the hearing officer used profanity during the hearing. This grievance was denied on November 17, 2009. Prison officials explained that investigation yielded no support for Turner's allegations of staff misconduct. (*Id.* at 5-6).

On October 30, 2009, this court received Turner's federal petition. Turner claims that he is entitled to habeas relief on the following grounds:

(1) the unit grievance investigator violated his due process rights by failing to review his Step 1 grievance and inquire about the facts necessary to make a professional judgment;

(2) the unit grievance officer violated his due process rights by failing to return his Step 1 grievance in a timely manner, thereby preventing him from appealing further; and

(3) an unidentified prison official falsified information in the Step 1 grievance.

(Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 7).

---

[3] Neither Turner nor the respondent provided the court with a copy of a Step 1 grievance for grievance number 2010012689.

The respondent moves for summary judgment on the ground that Turner failed to exhaust administrative remedies. Alternatively, the respondent argues that Turner's claims are conclusory, and that, to the extent they are actually civil rights claims not properly before the court.

## II. The Issue of Exhaustion

A state prisoner must exhaust available state court remedies before he can obtain federal habeas corpus relief unless there are circumstances that make the state corrective process ineffective to protect the prisoner's rights. *See Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). 28 U.S.C. § 2254(b) and (c) provide in part as follows:

> (b) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State; or (B) (i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To exhaust, a petitioner must "fairly present" all of his claims to the state court. *Id.; Duncan v. Henry*, 513 U.S. 364, 365 (1995). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). The exhaustion requirement is not satisfied if the prisoner presents new legal theories or factual claims in his federal habeas petition. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139 (1998) (citing *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982)).

A claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the petitioner "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (quoting *Dupuy v. Butler,* 837 F.2d 699, 702 (5th Cir. 1988)).

A federal court may raise on its own a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete. *Magouirk v. Phillips,* 144 F.3d 348, 357 (5th Cir. 1998) (citing *Graham v. Johnson,* 94 F.3d 958, 970 (5th Cir. 1996)). A federal court should dismiss a state prisoner's federal habeas petition if the prisoner has not exhausted available state remedies as to any of his federal claims. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

Texas state courts will not entertain habeas corpus challenges to prison disciplinary proceedings. *Ex parte Palomo,* 759 S.W.2d 671, 674 (Tex. Crim. App. 1988). Accordingly, a Texas prisoner seeking to challenge the outcome of a prison disciplinary hearing in habeas corpus proceedings need exhaust only prison grievance procedures. *See Gartrell v. Gaylor,* 981 F.2d 254, 258 n.3 (5th Cir. 1993); *Baxter v. Estelle,* 614 F.2d 1030, 1031-32 (5th Cir. 1980); *Lerma v. Estelle,* 585 F.2d 1297, 1298 (5th Cir. 1978). In prison disciplinary cases, inmates exhaust their state remedies for the purposes of § 2254 by pursuing the TDCJ-CID's internal grievance procedures. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994).

The Texas Department of Criminal Justice Offender Orientation Handbook provides a two-step procedure for presenting administrative grievances. *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. 2008). Step 1 requires the prisoner to submit an administrative grievance at the

institutional level within fifteen days of the incident. *See Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 920-21 (2007)). Step 2 permits the prisoner to submit an appeal to the division grievance investigation with the TDCJ. *Id.* Generally, prison regulations permit only one grievance to be filed every seven days and only one issue to be raised in each grievance.

Although the pending habeas corpus petition attacks a prison disciplinary conviction and not a state court judgment, the exhaustion requirement in 28 U.S.C. § 2254(b) applies when a prisoner is required to pursue the administrative grievance process. *See, e.g., Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002) (holding that "the timely pendency of prison grievance procedures" tolls the statute of limitations for habeas corpus petitions found in 28 U.S.C. § 2244(d) because prisoners are required to pursue administrative remedies); *Foley v. Cockrell*, 222 F. Supp.2d 826, 829 (N.D. Tex. 2002) (holding that, "[b]ecause exhaustion of administrative grievance procedures is required, Petitioner is entitled to equitable tolling of the statute of limitations until the date that he completed the TDCJ administrative review process").

Of the three claims Turner presented in his federal petition, he only raised his challenge to the falsification of records, claim three, in his Step 1 grievance. This grievance was returned once because it presented nongrievable issues a second time because the grievable period had expired. Though Turner tried to file a Step 2 grievance, prison officials advised him that he could not do so because his Step 1 grievance had been returned unprocessed. Turner did not present either his first and second grounds in both his Step One and Step Two grievances.

A prisoner must complete both steps of the grievance process to satisfy the exhaustion requirement. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Turner failed to present each

of his grounds for federal habeas relief in both his Step 1 and Step 2 grievances. Turner's claims are unexhausted. As the respondent notes, it would be futile for Turner to file additional grievances to try to exhaust his prison administrative remedies at this late date. (Docket Entry No. 9, Respondent's Motion for Summary Judgment, p. 9). Because Turner has failed to argue or establish that an exception applies, his unexhausted claims, grounds 1, 2, and 3, must be dismissed as barred under the doctrine of procedural default. *See Johnson v. Cain,* 215 F.3d 489, 494 (5th Cir. 2000).

Alternatively, the court finds that Turner's grounds for habeas relief are entirely conclusory. In *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983), the Fifth Circuit held that conclusory allegations are an inadequate basis for federal habeas relief, stating that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Id.*

Turner is not entitled to habeas relief on the claims he raises in this case.

### III.    The Civil Rights Claim

Federal courts have jurisdiction to entertain a writ of habeas corpus in behalf of a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. A habeas petition is the proper vehicle to seek release from custody, not to challenge the conditions of confinement or prison procedures. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *see Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). Suits brought under 42 U.S.C. § 1983 are the proper vehicle to attack conditions of confinement and prison procedures. *See Carson*, 112 F.3d at 820; *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). If a petition combines habeas

claims with § 1983 claims, and the claims can be separately treated, federal courts should do so. *Serio v. Members of La. State Bd. of Pardons,* 821 F.2d 1112, 1119 (5th Cir. 1987).

Turner alleges that his due process rights were violated by the prison's grievance procedures. Turner's due process claim fails. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.,* slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.,* slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). Because Turner has no liberty interest in the resolution of his grievances, the prison officials' alleged failure to investigate and address Turner's grievances did not violate a constitutional right. His due process claim is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

## IV.    Conclusion

The respondent's motion for summary judgment, (Docket Entry No. 9), is granted. Turner's petition for a writ of habeas corpus is denied. This case is dismissed. Any remaining pending motions are denied as moot.

The Supreme Court has stated that the showing necessary for a certificate of appealability is a substantial showing of the denial of a constitutional right. *Hernandez v. Johnson,* 213 F.3d 243, 248 (5th Cir. 2000) (citing *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000)). Under that standard,

an applicant makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to proceed further. *See Clark v. Johnson,* 202 F.3d 760, 763 (5th Cir. 2000). This court denies Turner's petition after careful consideration of the merits of his constitutional claims. This court denies a certificate of appealability because Turner has not made the necessary showing for issuance.

SIGNED on December 14, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge